CLOSED,L

# U.S. District Court
## District of Maryland (Greenbelt)
## CRIMINAL DOCKET FOR CASE #: 8:14−cr−00376−GJH−4

Case title: USA v. McCumbie et al

Date Filed: 08/06/2014
Date Terminated: 02/02/2015

Assigned to: Judge George Jarrod Hazel

**Defendant (4)**

**Brian Hooper**
*TERMINATED: 02/02/2015*

represented by **William C Brennan , Jr**
Brennan McKenna Manzi Shay, Chartered
6305 Ivy Ln Ste 700
Greenbelt, MD 20770
13014740044
Fax: 13014745730
Email: wbrennan@bsm−legal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1349, 18: 981(a)(1)(D), 28:2461(c) Conspiracy; Forfeiture (1) | 27 Months Imprisonment; 3 Years Supervised Release; $100.00 Special Assessment; $1,031,571.96 joint & several |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1343, 18:2, 18: 981(a)(1)(D), 28:2461(c) Wire Fraud; Aiding and Abetting; Forfeiture (2−6) | Dismissed |
| 18:1343, 18:2, 18: 981(a)(1)(D), 28:2461(c) Wire Fraud; Aiding and Abetting; Forfeiture (8) | Dismissed |
| 18:1343, 18:2, 18: 981(a)(1)(D), 28:2461(c) Wire Fraud; Aiding and Abetting; Forfeiture | Dismissed |

(11)

**Highest Offense Level**
**(Terminated)**

Felony

**Complaints**                                                   **Disposition**

None

**Plaintiff**

**USA**                              represented by   **Leah Jo Bressack**
                                                     Office of the United States Attorney
                                                     6500 Cherrywood Lane Ste 400
                                                     Greenbelt, MD 20770
                                                     13013444236
                                                     Fax: 13013444516
                                                     Email: leah.bressack@usdoj.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Assistant US Attorney*
                                                     *Bar Status: Gov*

                                                     **Rod J Rosenstein**
                                                     Office of the United States Attorney
                                                     Do Not Mail
                                                     Baltimore, MD 21201
                                                     14102094800
                                                     Email: rod.rosenstein@usdoj.gov
                                                     *Designation: Assistant US Attorney*
                                                     *Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/06/2014 | 1 | 6 | SEALED INDICTMENT as to Janice McCumbie (1) count(s) 1, 2–11, Leonard Smedley, II (2) count(s) 1, 2–6, 8, 11, Amber Gayleard (3) count(s) 1, 7, 9–10, Brian Hooper (4) count(s) 1, 2–6, 8, 11. (rss, Deputy Clerk) (Entered: 08/06/2014) |
| 08/06/2014 | 3 | | MOTION and ORDER to Seal Case as to Janice McCumbie, Leonard Smedley, II, Amber Gayleard, Brian Hooper. Signed by Magistrate Judge William Connelly on 8/6/2014. (rss, Deputy Clerk) (Entered: 08/06/2014) |
| 08/12/2014 | | | INDICTMENT UNSEALED as to Brian Hooper (ads, Deputy Clerk) (Entered: 08/12/2014) |
| 08/12/2014 | 5 | | Initial Appearance as to Brian Hooper (Defendant informed of Rights.) held on 8/12/2014 before Magistrate Judge William Connelly. (Dziopa 3B) (ads, |

| | | |
|---|---|---|
| | | Deputy Clerk) (Entered: 08/12/2014) |
| 08/12/2014 | 6 | NOTICE OF ATTORNEY APPEARANCE: William C Brennan, Jr appearing for Brian Hooper (ads, Deputy Clerk) (Entered: 08/12/2014) |
| 08/12/2014 | 7 | ORDER Setting Conditions of Release as to Brian Hooper. Signed by Magistrate Judge William Connelly on 08/12/2014. (ads, Deputy Clerk) (Entered: 08/12/2014) |
| 08/14/2014 | | INDICTMENT UNSEALED as to Janice McCumbie, Leonard Smedley, II, Amber Gayleard, Brian Hooper (jcs, Deputy Clerk) (Entered: 08/14/2014) |
| 08/14/2014 | 18 | Bench Warrant Returned Executed on 8/14/2014 in case as to Brian Hooper (kns, Deputy Clerk) (Entered: 08/18/2014) |
| 08/21/2014 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Brian Hooper. PLEASE NOTE: Defendant is not in custody. A writ has not been requested. A come up has not been requested. An interpreter will not be needed. Arraignment set for 8/26/2014 03:30 PM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Judge George Jarrod Hazel. (Bressack, Leah) (Entered: 08/21/2014) |
| 08/21/2014 | | Corrected PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Brian Hooper. PLEASE NOTE: Defendant is not in custody. A writ has not been requested. A come up has not been requested. An interpreter will not be needed. Arraignment set for 8/26/2014 03:30 PM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Magistrate Judge Charles B. Day. (Bressack, Leah) (Entered: 08/21/2014) |
| 08/22/2014 | 26 | PROTECTIVE ORDER Governing the Disclosure of Personal Identity Information as to Janice McCumbie, Leonard Smedley, II, Amber Gayleard, Brian Hooper. Signed by Judge George Jarrod Hazel on 8/22/2014. (rss, Deputy Clerk) (Entered: 08/22/2014) |
| 08/26/2014 | 27 | Arraignment as to Brian Hooper (4) Count 1,2–6,8,11 held on 8/26/2014, Plea entered by Brian Hooper Not Guilty on counts 1–11 before Magistrate Judge Charles B. Day. (Dziopa 2A) (ads, Deputy Clerk) (Entered: 08/26/2014) |
| 08/27/2014 | 28 | Memorandum to Counsel setting motions deadline for September 9, 2014; scheduling a joint conference call for September 22, 2014 at 9:00 am as to Janice McCumbie, Leonard Smedley, II, Amber Gayleard, Brian Hooper. Signed by Judge George Jarrod Hazel on 8/27/14. (am2s, Chambers) (Entered: 08/27/2014) |
| 09/03/2014 | 32 | Bench Warrant Returned Executed on 8/14/2014 in case as to Brian Hooper (kns, Deputy Clerk) (Entered: 09/05/2014) |
| 09/22/2014 | 34 | MOTION to Sever Defendant *Brian Hooper* by Brian Hooper. Responses due by 10/9/2014 (Brennan, William) (Entered: 09/22/2014) |
| 09/22/2014 | 35 | Memorandum to Counsel extending motions deadline through September 23, 2014; scheduling a joint conference call for October 22, 2014 at 5:15 pm.(am2s, Chambers) (Entered: 09/22/2014) |
| 10/22/2014 | | |

| | | | |
|---|---|---|---|
| | | | Telephone Status Conference as to Brian Hooper held on 10/22/2014 before Judge George Jarrod Hazel. (am2s, Chambers) (Entered: 10/22/2014) |
| 10/22/2014 | 42 | | PAPERLESS ORDER scheduling a conference call for November 5, 2014 at 9:00 a.m. If a plea agreement is received from Mr. Hooper prior to that date, the conference call will be cancelled. Signed by Judge George Jarrod Hazel on 10/22/2014. (am2s, Chambers) (Entered: 10/22/2014) |
| 10/29/2014 | 43 | | PAPERLESS correspondence cancelling the conference call scheduled for November 5, 2014. (am2s, Chambers) (Entered: 10/29/2014) |
| 10/30/2014 | 49 | | PAPERLESS correspondence scheduling a plea hearing for November 6, 2014 at 9:30 a.m. (am2s, Chambers) (Entered: 10/30/2014) |
| 11/06/2014 | | | ReArraignment as to Brian Hooper on Counts 1,2–6,8,11 of the Indictment held on 11/6/2014 before Judge George Jarrod Hazel. (Court Reporter: Davis (4A) (esp, Deputy Clerk) (Entered: 11/06/2014) |
| 11/06/2014 | 50 | | Plea entered by Brian Hooper Guilty as to Count 1 of the Indictment "Not Guilty" on counts 1, 2–6, 8 and 11 of the Indictment which was accepted by the court before Judge George Jarrod Hazel. (Court Reporter: Davis (4A) (esp, Deputy Clerk) (Entered: 11/06/2014) |
| 11/06/2014 | | | Imposition of Sentence Suspended pending presentence investigation as to Brian Hooper. (esp, Deputy Clerk) (Entered: 11/06/2014) |
| 11/06/2014 | 51 | | PLEA AGREEMENT as to Brian Hooper (Attachment A)(esp, Deputy Clerk) (Entered: 11/06/2014) |
| 11/06/2014 | 52 | | –SEALED– PLEA SUPPLEMENT as to Brian Hooper (esp, Deputy Clerk) (Entered: 11/06/2014) |
| 11/06/2014 | 53 | | Sentencing Order as to Brian Hooper. Signed by Judge George Jarrod Hazel on 11/6/2014. (esp, Deputy Clerk) (Entered: 11/06/2014) |
| 01/17/2015 | 69 | | SENTENCING MEMORANDUM by Brian Hooper (Attachments: # 1 Exhibit Character Letters)(Brennan, William) (Entered: 01/17/2015) |
| 01/29/2015 | 73 | | –SEALED– MOTION to Seal by USA as to Brian Hooper. Responses due by 2/17/2015 (Attachments: # 1 Text of Proposed Order)(Bressack, Leah) (Entered: 01/29/2015) |
| 01/29/2015 | 74 | | SEALED DOCUMENT (Bressack, Leah) Modified on 1/29/2015 (aos, Deputy Clerk). (Entered: 01/29/2015) |
| 01/29/2015 | 75 | | ORDER granting 73 Motion to Seal as to 74 Proposed Sealed Document as to Brian Hooper (4). Signed by Judge George Jarrod Hazel on 1/29/2015. (aos, Deputy Clerk) (Entered: 01/29/2015) |
| 02/02/2015 | 76 | | Sentencing as to Brian Hooper held on 2/2/2015 before Judge George Jarrod Hazel. (Court Reporter: Cindy Davis) (hbms, Deputy Clerk) (Entered: 02/02/2015) |
| 02/02/2015 | 77 | | FINAL ORDER OF FORFEITURE as to Brian Hooper. Signed by Judge George Jarrod Hazel on 2/2/2015. (kns, Deputy Clerk) (Entered: 02/03/2015) |
| 02/02/2015 | 78 | 16 | |

| | | | |
|---|---|---|---|
| | | | JUDGMENT as to Brian Hooper (4), Count 1, 27 Months Imprisonment; 3 Years Supervised Release; $100.00 Special Assessment; $1,031,571.96 joint & several; Count(s) 11, 2–6, 8, Dismissed. Signed by Judge George Jarrod Hazel on 2/2/2015. (Attachments: # 1 Final Order of Forfeiture) (kns, Deputy Clerk) (Entered: 02/03/2015) |
| 05/12/2017 | 104 | 24 | Supervised Release Jurisdiction Transferred to United States District Court for the Eastern District of Virginia as to Brian Hooper. Transmitted Transfer of Jurisdiction form, with copies of indictment, judgment and docket sheet. (kns, Deputy Clerk) (Entered: 05/12/2017) |
| 05/12/2017 | 105 | | UNREDACTED PROBATION FORM 22 by Brian Hooper (kns, Deputy Clerk) (Entered: 05/12/2017) |

LB/DIS: USAO2014R00141

ENTERED _____ _____ LOGGED _____ RECEIVED

AUG 6 2014

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. GJH 14 cr 0376 |
| | * |
| JANICE MCCUMBIE, | * (Conspiracy, 18 U.S.C. § 1349; |
| LEONARD SMEDLEY II, | * Wire Fraud, 18 U.S.C. § 1343; |
| AMBER GAYLEARD, and | * Aiding and Abetting, 18 U.S.C. § 2; |
| BRIAN HOOPER, | * Forfeiture, 18 U.S.C. § 981(a)(1)(D), |
| | * 28 U.S.C. § 2461(c)) |
| **Defendants** | * |
| | * |

*******

## INDICTMENT

## COUNT ONE

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1.     FTI Consulting, Inc. ("FTI Consulting") was a global consulting business that served clients in various industries, including finance and law, and had offices in, among other places, Maryland.

2.     To secure the services of FTI Consulting, many companies provided FTI Consulting with large retainers.   From time to time, FTI Consulting issued refund checks to its clients, including when a client's retainer exceeded the amount of work that FTI Consulting actually performed or when the client had made duplicate payments to FTI Consulting.

3.     FTI Consulting assigned two groups to handle the refund process:   the Accounts Receivable group ("the AR group") and the Accounts Payable group ("the AP group").

1

Case 8:14-cr-00376-GJH Document 106 Filed 05/16/17 Page 7 of 24

4.      The AR group was responsible for, among other things, collecting information related to each requested refund and delivering this package to the AP group.

5.      The AP group was responsible for, among other things, inputting the information received from the AR group into the company's internal financial database and printing the refund checks onto blank check stock located in FTI Consulting's Maryland office.

6.      Defendant **JANICE MCCUMBIE** ("**MCCUMBIE**") was a resident of Maryland, who was employed by FTI Consulting in the AR group.   Her duties and responsibilities included coordinating client refunds.

7.      Defendant **MCCUMBIE** maintained and possessed sole signatory authority for account number xxxxxxxx9554 with Bank of America, N.A. ("the BoA 9554 Account").

8.      Defendant **AMBER GAYLEARD** ("**GAYLEARD**") was a resident of Pennsylvania and defendant **MCCUMBIE**'s niece.

9.      Defendant **GAYLEARD** maintained and possessed sole signatory authority for account number xxxxxx1996 with Manufacturers and Traders Trust Company ("the M&T 1996 Account").

10.     Defendant **BRIAN HOOPER** ("**HOOPER**") was a resident of Virginia and a former employee of FTI Consulting.

11.     Defendant **HOOPER** maintained and possessed sole signatory authority for the following accounts with Navy Federal Credit Union ("NFCU"): account number xxxxxx8048 ("the NFCU 8048 Account"), account number xxxxxx9871 ("the NFCU 9871 Account"), account number xxxxxx6938 ("the NFCU 6938 Account"), and account number xxxxxx7064 ("the NFCU 7064 Account").

12.     Defendant **LEONARD SMEDLEY II** ("**SMEDLEY**") was a resident of

2

Maryland.

13.     Defendant **SMEDLEY** maintained and possessed sole signatory authority for the following accounts: account number xxxxxxxx0597 with Bank of America, N.A. ("the BoA 0597 Account"); and account number xxxxxxxxx9085 with Wachovia Bank, N.A., which Wells Fargo Bank, N.A. took over in or around 2011 ("the Wells Fargo 9085 Account").

## The Conspiracy

14.     Between at least in or about August 2009 and in or about November 2013, in the District of Maryland and elsewhere, the defendants,

**JANICE MCCUMBIE,**
**LEONARD SMEDLEY II,**
**AMBER GAYLEARD, and**
**BRIAN HOOPER,**

did knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury to knowingly devise a scheme and artifice to defraud FTI Consulting, and to obtain money from FTI Consulting by means of materially false and fraudulent pretenses, representations, and promises, and material omissions ("the scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud to cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

## Manner and Means of the Conspiracy

15.     It was part of the conspiracy and scheme to defraud that **MCCUMBIE** created and submitted false documentation to FTI Consulting's AP group, falsely representing that refund checks should be issued to defendant **GAYLEARD** and defendant **SMEDLEY**.

16.     It was further part of the conspiracy and scheme to defraud that, for at least 24 of

3

these fraudulent refund checks, defendant **MCCUMBIE** signed the FTI Consulting Check Release Log confirming she had personally received those checks.

17.     It was further part of the conspiracy and scheme to defraud that defendant **SMEDLEY** cashed or deposited fraudulent refund checks from FTI Consulting at banks throughout Maryland and then shared the proceeds with defendants **MCCUMBIE** and **HOOPER**.

18.     It was further part of the conspiracy and scheme to defraud that defendant **MCCUMBIE** caused FTI Consulting to issue at least 39 fraudulent refund checks to defendant **SMEDLEY**, who was not a client of FTI Consulting, totaling $848,024.48.

19.     It was further part of the conspiracy and scheme to defraud that defendant **GAYLEARD** cashed or deposited fraudulent refund checks from FTI Consulting at banks throughout Maryland and elsewhere and then shared the proceeds with defendant **MCCUMBIE**.

20.     It was further part of the conspiracy and scheme to defraud that defendant **MCCUMBIE** caused FTI Consulting to issue 17 fraudulent refund checks to defendant **GAYLEARD**, who was not a client of FTI Consulting, totaling $217,695.57.

### Overt Acts

21.     In furtherance of the conspiracy, and to effect the objects thereof, the defendants committed the following overt acts, among others, in the District of Maryland and elsewhere:

A.     On or about March 22, 2012, defendant **MCCUMBIE** caused FTI Consulting to issue refund check number 331182 to defendant **SMEDLEY** in the amount of $21,000.

B.     On or about March 22, 2012, defendant **MCCUMBIE** signed the FTI Consulting Check Release Log confirming she had received check number 331182.

4

Case 8:14-cr-00826-GJH Document 106 Filed 05/02/17 Page 10 of 24

C.      On or about March 26, 2012, defendant **SMEDLEY** cashed a check for approximately $21,000 at a Bank of America in Annapolis, Maryland.

D.      On or about March 27, 2012, defendant **HOOPER** deposited $4,400 into defendant **HOOPER**'s NFCU 7064 Account.

E.      On or about March 27, 2012, defendant **MCCUMBIE** deposited $5,900 into defendant **MCCUMBIE**'s BoA 9554 Account.

F.      On or about July 18, 2013, defendant **MCCUMBIE** caused FTI Consulting to issue refund check number 346264 to defendant **GAYLEARD** in the amount of $15,000.

G.      On or about July 18, 2013, defendant **MCCUMBIE** signed the FTI Consulting Check Release Log confirming she had received check number 346264.

H.      On or about August 6, 2013, defendant **GAYLEARD** deposited check number 346264 into defendant **GAYLEARD**'s M&T 1996 Account.

I.      On or about August 12, 2013, defendant **GAYLEARD** purchased an official check from Manufacturers and Traders Trust Company ("M&T Bank") payable to defendant **MCCUMBIE** in the amount of $7,000.

J.      On or about August 15, 2013, defendant **MCCUMBIE** deposited the official check payable to defendant **MCCUMBIE** in the amount of $7,000 into defendant **MCCUMBIE**'s BoA 9554 Account.

K.      On or about November 12, 2013, defendant **MCCUMBIE** caused FTI Consulting to issue refund check number 346828 to defendant **GAYLEARD** in the amount of $15,000.

L.      On or about November 18, 2013, defendant **GAYLEARD** deposited

5

check number 346828 into defendant **GAYLEARD**'s M&T 1996 Account.

      M.     On or about November 20, 2013, defendant **GAYLEARD** purchased an official check from M&T Bank payable to defendant **MCCUMBIE** in the amount of $7,500.

      N.     On or about November 25, 2013, defendant **MCCUMBIE** deposited the official check payable to defendant **MCCUMBIE** in the amount of $7,500 into defendant **MCCUMBIE**'s BoA 9554 Account.

18 U.S.C. § 1349

## COUNTS TWO THROUGH ELEVEN

The Grand Jury for the District of Maryland further charges that:

1.  Paragraphs 1 through 13 and 15 through 21 of Count One are incorporated here and constitute a scheme and artifice to defraud as described in paragraph 14 of Count One ("the scheme to defraud").

2.  On or about the dates set forth below, in the District of Maryland and elsewhere, the defendants named below, for the purpose of executing and attempting to execute the scheme to defraud, knowingly caused the transmission of wire communications in interstate and foreign commerce, to wit, by cashing the following checks in Maryland and thereby causing wire communications from Maryland to Texas:

| Count | Defendants | Check Number | Check Amount | Posting Date |
|-------|-----------|--------------|--------------|--------------|
| 2 | **SMEDLEY, HOOPER,** and **MCCUMBIE** | 289110 | $18,000 | October 23, 2009 |
| 3 | **SMEDLEY, HOOPER,** and **MCCUMBIE** | 290442 | $22,040 | November 13, 2009 |
| 4 | **SMEDLEY, HOOPER,** and **MCCUMBIE** | 294776 | $22,000 | February 13, 2010 |
| 5 | **SMEDLEY, HOOPER,** and **MCCUMBIE** | 301679 | $24,000 | June 16, 2010 |
| 6 | **SMEDLEY, HOOPER,** and **MCCUMBIE** | 315637 | $24,000 | April 4, 2011 |
| 7 | **GAYLEARD** and **MCCUMBIE** | 323332 | $11,851.58 | October 4, 2011 |
| 8 | **SMEDLEY, HOOPER,** and **MCCUMBIE** | 333820 | $24,000 | May 24, 2012 |

Case 8:14-cr-00075-GJH   Document 106   Filed 05/12/17   Page 13 of 24

| 9 | **GAYLEARD** and **MCCUMBIE** | 334272 | $14,208.92 | June 14, 2012 |
|---|---|---|---|---|
| 10 | **GAYLEARD** and **MCCUMBIE** | 345138 | $14,940.90 | April 15, 2013 |
| 11 | **SMEDLEY, HOOPER,** and **MCCUMBIE** | 346664 | $23,227.25 | October 16, 2013 |

18 U.S.C. § 1343
18 U.S.C. § 2

## FORFEITURE ALLEGATION
## (Forfeiture of Wire Fraud Proceeds)

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2 notice is hereby given to the defendants that the
United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981 and
28 U.S.C. § 2461(c), as a result of the defendants' convictions on any of Counts One through
Eleven of this Indictment.

2.      As a result of the offenses set forth in Counts One through Eleven, the defendants,

## JANICE MCCUMBIE,
## LEONARD SMEDLEY II,
## AMBER GAYLEARD, and
## BRIAN HOOPER,

shall forfeit to the United States any property, real or personal, which represents or is traceable to
the gross receipts obtained, directly or indirectly, from the offenses.    The property to be
forfeited includes, but is not limited to, at least $1,065,720 in United States currency and all
interest and proceeds traceable thereto, in that such sum in aggregate constitutes proceeds
obtained, directly or indirectly, as a result of such violations.

3.      If any of the property described above as being subject to forfeiture, as a result of
any act or omission of any defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or,

      e.      has been commingled with other property which cannot be subdivided

9

without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C.

§ 853(p), up to the value of the forfeitable property, that is, at least $1,065,720.

18 U.S.C. § 981(a)(1)(D)
28 U.S.C. § 2461(c)

_____
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

___8/6/2014___
Date

10

Sheet 1 - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)                    Judgment Page 1 of 6

(HBM)

# United States District Court
## District of Maryland

UNITED STATES OF AMERICA

v.

BRIAN HOOPER

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number: GJH 8:14-cr-00376-004

USM Number: N/A
Defendant's Attorney: William Brennan, Esq.

Assistant U.S. Attorney: Leah Bressack, Esq.

**THE DEFENDANT:**

☒ pleaded guilty to count(s) ___1 of the indictment___
☐ pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C.§1349 | Conspiracy to Commit Wire Fraud | November, 2013 | 1 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by U.S. v. Booker, 125 S. Ct. 738 (2005).

☐ The defendant has been found not guilty on count(s) _____
☒ Counts 2, 3, 4, 5, 6, 8 & 11 of the indictment as to this defendant only are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

FILED                ENTERED
LODGED            RECEIVED

FEB - 2 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

_February 2, 2015_
Date of Imposition of Judgment

George J. Hazel            Date  2/2/2015
United States District Judge

Name of Court Reporter: Cindy Davis

Sheet 2 - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)

Judgment Page 2 of 6

**DEFENDANT: BRIAN HOOPER**

CASE NUMBER: GJH 8:14-cr-00376-004

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __27__ months.

☒ The court makes the following recommendations to the Bureau of Prisons:
1. That the defendant be designated to FCI Petersburg, VA for service of his sentence.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.
☐ as notified by the United States Marshal.

☒ The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal. If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

☒ before 2 p.m. on **March 23, 2014**   .

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146. If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147. For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148. Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
DEPUTY U.S. MARSHAL

Sheet 3 - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)                                    Judgment Page 3 of 6

**DEFENDANT: BRIAN HOOPER**                                          CASE NUMBER: GJH 8:14-cr-00376-004

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _3 years_ .

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

### A. STATUTORY CONDITIONS OF SUPERVISED RELEASE

1) The defendant shall not commit any federal, state or local crime.
2) In any felony case, the defendant shall not possess a firearm or ammunition as defined in 18 U.S.C. §921.
3) The defendant shall not illegally use or possess a controlled substance.
4) The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
☒ **The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)**
5) Pursuant to Pub. Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, if applicable, the defendant shall cooperate in the collection of DNA while incarcerated in the Bureau of Prisons, or as directed by the probation officer.
6) If this judgment imposes any criminal monetary penalty, including special assessment, fine, or restitution, it shall be a condition of supervised release that the defendant pay any such monetary penalty that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment. The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

### B. STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any persons convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense;
13) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Sheet 4 - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)

Judgment Page 4 of 6

**DEFENDANT: BRIAN HOOPER**                    CASE NUMBER: GJH 8:14-cr-00376-004

## C.   SUPERVISED RELEASE
## ADDITIONAL CONDITIONS

### ACCESS TO FINANCIAL INFORMATION
The defendant shall provide the probation officer with access to any requested financial information.

### CREDIT RESTRICTION
The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation officer.

### PAYMENT OF SPECIAL ASSESSMENT
The defendant shall pay a special assessment of $100.00 as directed by the probation officer.

### I'AYMENT OF RESTITUTION
The defendant shall pay restitution in the amount of $1,031571.96, including any wages he may earn through the Bureau of Prisons Financial Responsibility Program, any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision, at a rate of at least $500.00 per month, to Clerk, U.S. District Court.

Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)                                    Judgment Page 5 of 6

**DEFENDANT: BRIAN HOOPER**                                      CASE NUMBER: GJH 8:14-cr-00376-004

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 1,031,571.96 joint & several |

☐   CVB Processing Fee $25.00

☐   The determination of restitution is deferred until Click here to enter a date.. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, U.S. District Court ATTN: Finance Department 101 W. Lombard St. 4th Floor Baltimore, MD 21201 (Payable to victim as indicated in Section IX) | $1,031,571.96 | $1,031,571.96 | 100% |

| **TOTALS** | $ 1,031,571.96 | $ 1,031,571.96 |
|---|---|---|

☒   Restitution amount ordered pursuant to plea agreement   $1,031,571.96

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒   the interest requirement is waived for the  ☐  fine   ☒  restitution

☐   the interest requirement for the  ☐  fine  ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

20

Sheet 6 - Judgment in a Criminal Case with Supervised Release (Rev. 11/2011)                     Judgment Page 6 of 6

**DEFENDANT: BRIAN HOOPER**                                    CASE NUMBER: GJH 8:14-cr-00376-004

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   ☒   Special Assessment in the amount of $100.00 shall be in full immediately.

B   ☐   $_____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   Not later than _____; or

D   ☐   Installments to commence _____ day(s) after the date of this judgment.

E   ☒   Restitution in the amount of $1,031.571.96, shall be paid in __monthly__ installments of $_500.00_ over a period of _3_ years to commence when the defendant is placed on supervised release.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐   in equal monthly installments during the term of supervision; or

☐   on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:

☒   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
Joint and Several with co-defendants: Janice McCumbie (GJH 14-376-00I); Leonard Smedley, II (GJH 14-376-002); Amber Gayleard (GJH 14-376-003);

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
(SEE FORFEITURE ORDER ATTACHED)

FILED _____ ENTERED
LOGGED _____ RECEIVED

FEB 0 2 20...

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIMINAL NO. GJH-14-0376 |
| | * | |
| BRIAN HOOPER, | * | |
| | * | |
| Defendant. | * | |

************

## FINAL ORDER OF FORFEITURE

1.    As the result of Defendant Brian Hooper's plea of guilty to Count One of

the Indictment, for which the Government sought forfeiture, pursuant to 18 U.S.C. §§

981(a)(1)(C) and 28 U.S.C. § 2461(c), and pursuant to the plea agreement entered into by

the Defendant on or about November 6, 2014, the Defendant shall forfeit all property,

real or personal, that constitutes or is derived from proceeds traceable to a violation of 18

U.S.C. §§ 1343 and 1349.

2.    The stipulated facts demonstrated that the Defendant derived at least

$1,031,571.96 in United States Currency as proceeds of the offense of conviction.

Consequently, the total amount of $1,031,571.96 is HEREBY IMPOSED AS A MONEY

JUDGMENT against the defendant, for which he is jointly and severally liable with co-

defendant Leonard Smedley, Janice McCumbie and Amber Gayleard.

3.    Upon the entry of this Order, the United States Attorney General (or a

designee) is authorized to seize the forfeited property.

4.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall

become final as to Defendant at the time of sentencing and shall be made part of the

sentence.

1

5.     The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

6.     The Clerk of the Court shall provide copies of this Order to all parties of record.

2/2/2015
Date

George Jarrod Hazel
United States District Judge

2

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)*<br>GJH 8:14-cr-00376-004 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT<br>Maryland | DIVISION<br>Greenbelt |
|---|---|---|
| Brian Hooper | NAME OF SENTENCING JUDGE<br>George Hazel | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>03/08/2017 | TO<br>03/07/2020 |

OFFENSE

Conspiracy to Commit Wire Fraud
Sentencing Date: 02/02/2015

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

     IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Eastern of Virginia upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

3/31/2017
_____
*Date*

_____
*United States District Judge*

George Hazel

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN OF VIRGINIA

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

April 11 2017
_____
*Effective Date*

/s/ _____

Leonie M. Brinkema
**United States District Judge**